IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD R. FRENCH, *et al.*, | : | |
| | : | CIVIL CASE NO.: |
| Plaintiffs, | : | |
| | : | |
| v. | : | JUDGE: |
| | : | |
| | : | |
| A.W. CHESTERTON COMPANY, *et al.*, | : | MAGISTRATE JUDGE: |
| | : | |
| Defendants. | : | |

**NOTICE OF REMOVAL**

Defendants General Electric Company ("General Electric") and CBS Corporation ("Westinghouse")[1], collectively the "Removing Defendants," hereby remove this action from the Court of Common Pleas, Cuyahoga County, to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §1442(a)(1).  This civil action is one over which this Court has subject matter jurisdiction by virtue of Plaintiffs' pursuit of claims arising from and relating to the Removing Defendants' conduct while acting under an officer or agency of the United States as to which the Removing Defendants can state at least a colorable defense under federal law.  The grounds for removal are as follows:

1.  On or about December 1, 2015, Plaintiffs filed their Complaint in *DONALD R. FRENCH and CHARLENE FRENCH v. A.W. CHESTERTON COMPANY, et al,* Case No.

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

855139, in the Court of Common Pleas, Cuyahoga County, Ohio.[2] (Complaint, Exhibit A). General Electric and Westinghouse were named as Defendants.

2. The Complaint states that Donald French ("Mr. French") "was exposed to the Defendants' asbestos and asbestos-containing materials" and that "said exposures were substantial factors which directly and proximately caused him to develop mesothelioma." (*Id.*, at ¶6). The Complaint does not, however, provide any details concerning any specific product manufactured or supplied by the Removing Defendants to which Mr. French was allegedly exposed, nor does it identify any specific sites at which Mr. French allegedly encountered the Removing Defendants' products.

3. Mr. French was deposed on June 13, 2016[3] and testified that, beginning in 1965, he served as a machinist's mate aboard the *U.S.S. Forrestal*, and that his primary duty station was in the *Forrestal*'s Number 2 main engine room. (Donald French Dep. (6/13/16), relevant portions attached as Exhibit C, at pp. 84-85; 88). He further testified that either General Electric or Westinghouse manufactured the turbine located in that compartment. (*Id.*, at p. 100).

4. Under 28 U.S.C. §1446 (b)(1), "(t)he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

---

[2] An Amended Complaint naming additional Defendants was filed on May 2, 2016. (Amended Complaint, Exhibit B).

[3] Mr. French was deposed on June 13 and 14, 2016, and his deposition, which was not completed, is scheduled to resume on July 26, 2016.

5. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).

6. The Removing Defendants first ascertained that this case was removable during Mr. French's deposition on June 13, 2016, when he first revealed his alleged exposure to a Navy propulsion turbine manufactured by either General Electric or Westinghouse aboard the *Forrestal*.  Therefore, the Removing Defendants are timely filing this Notice of Removal within thirty (30) days receipt of an "other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).

7. This case is removable because the Removing Defendants – in all relevant aspects of their design, manufacture, and supply of any Navy turbine(s) aboard the *Forrestal*, and of any warnings or other written materials to be supplied therewith – were acting under the direction of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

8. More specifically, and as summarized by the Sixth Circuit Court of Appeals in *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010), a 28 U.S.C. §1442(a)(1)-based "federal officer" removal is appropriate whenever the removing defendant: 1) is a "person" "who 'act[ed] under [a federal officer];'" 2) "performed the actions for which it is being sued 'under color of [federal] office;'" and 3) has raised at least a colorable federal defense to one or more of the plaintiff's claims.  See also *Mesa v. California*, 489 U.S. 121, 129, 131 (1989); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 729 (N.D. Ohio 2007).  Here, all three requirements are satisfied relative to the Removing Defendants.

9. As corporations, General Electric and Westinghouse are "persons" for purposes of 28 U.S.C. §1442(a). *Bennett*, 607 F.3d at 1085; *Ferguson*, 475 F. Supp. 2d at 729.

10. As would be shown by the Removing Defendants' jurisdictional evidence were a motion for remand to be filed in this case, in all aspects of their design, manufacture, and supply of propulsion turbines and/or other items of propulsion equipment to the Navy for use aboard Navy vessels (including any warnings or other written materials to be furnished therewith), the Removing Defendants were acting under the detailed direction and control of one or more federal officers. More specifically, such equipment was custom-designed and manufactured based on the Navy's detailed and comprehensive specifications or "MilSpecs," and such specifications also controlled the format and content of all written materials to be furnished therewith. The design and production of such equipment (and of any associated written materials) were carried out under the constant supervision and inspection of Navy officers, including Navy officers stationed for that purpose in the Removing Defendants' own facilities. Such equipment (and all associated written materials) were subject to close inspection and/or testing by Navy officers and any item not in full compliance with the MilSpecs would be rejected. Therefore, the Removing Defendants were acting under the direction of a federal officer or agency for purposes of 28 U.S.C. §1442(a) in their design, manufacture, and supply of Navy turbines and of any warnings or other writings to be furnished therewith. Compare *Ferguson*, 475 F. Supp. 2d at 729. See also, *e.g.*, *Hurley v. CBS Corp.*, 2016 WL 2609602 at *1 (4th Cir. May 6, 2016); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. Nov. 30, 2012); *Najolia v. Northrop Grumman Ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 990 (C.D. Ill. 2011); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1334-35 (N.D. Ala. 2010); *Machnik v. Buffalo Pumps*, 506 F. Supp. 2d 99, 103 (D. Conn. 2007); *Nesbiet v. General*

*Elec. Co.*, 399 F. Supp. 2d 205, 212-13 (S.D.N.Y. 2005); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

11. Where a plaintiff claims injury from contact with an item of asbestos-containing or asbestos-insulated equipment, and a showing is made that the defendant's design and/or manufacture of that equipment was controlled by the United States government, a causal nexus between the plaintiff's claims and the defendant's conduct under color of its federal office has not simply been established for purposes of 28 U.S.C. §1442(a) – it is "axiomatic." *Madden*, 205 F. Supp. 2d at 701-02. Accordingly, the Removing Defendants once again meet this test as to any asbestos-related injury claim, whether framed in terms of a design defect claim or in terms of a "failure to warn" claim, involving their Navy turbines. See, *e.g.*, *Hurley*, 2016 WL 2609602 at *1; *Ruppel*, 701 F.3d at 1181; *Ellis*, 798 F. Supp. 2d at 990; *Corley*, 688 F. Supp. 2d at 1334-35; *Machnik*, 506 F. Supp. 2d at 105; *Nesbiet*, 399 F. Supp. 2d at 212-13; *Madden*, 205 F. Supp. 2d at 701-02; *Crocker*, 852 F. Supp. at 1327 (E.D. La. 1994). Indeed, the Second, Seventh, and Ninth Circuits, as well as the asbestos MDL court, have upheld federal officer jurisdiction as a ground for removal of cases by equipment suppliers for U.S. Navy warships. See *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 361 (2014); *Ruppel*, 701 F.3d 1176; *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 774-86 (E.D. Pa. 2010).

12. As to the question of a colorable federal-law based defense, the Removing Defendants hereby assert a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) as, even if it could be shown that asbestos associated with one or more of their Navy turbines was a cause of Mr. French's injury: 1) the Removing Defendants

designed, produced, and supplied such turbines (and all written materials to be furnished therewith) in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) the turbines (and all accompanying written materials) conformed with those specifications as evidenced by their acceptance following thorough Navy testing and inspection; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure. Once again, numerous courts have held that such facts give rise to at least a colorable government contractor defense relative to asbestos-related injury claims involving the Removing Defendants' Navy turbines. See, *e.g.*, *Hurley*, 2016 WL 2609602 at *1; *Ruppel*, 701 F.3d at 1183-86; *Najolia*, 883 F. Supp. 2d at 657-58; *Corley*, 688 F. Supp. 2d at 1334; *Contois v. Able Indus.*, 523 F. Supp. 2d 155, 160 (D. Conn. 2007); *Crocker*, 852 F. Supp. at 1327 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993).

13. Notably, to meet the requirements for removal under 28 U.S.C. §1442(a)(1), the Removing Defendants "need not prove the asserted [federal] defense, but need only articulate its 'colorable' applicability to [Plaintiffs'] claims." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 400 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999). See also *Bennett*, 607 F.3d at 1084. As explained in *Willingham v. Morgan*, 395 U.S. 402, 407 (1969), "one of the most important reasons for removal is to have the validity of the defense . . . tried in a federal court. The officer need not win his case before he can have it removed." Thus, any detailed consideration of the substantive merits of the Removing Defendants' invoked defense would be inappropriate as collateral to the issue of jurisdiction; whether the Removing Defendants will ultimately prevail on the defense is not the controlling jurisdictional question - the only proper inquiry for purposes of 28 U.S.C. §1442(a)(1) is whether they have asserted a "colorable claim to

the defense." See, *e.g.*, *Bennett*, 607 F.3d at 1084; *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 138-39 (2d Cir. 2008) ("[t]o be 'colorable,' the defense need not be 'clearly sustainable, as the purpose of the [federal officer removal] statute is to secure that the validity of the defense will be tried in federal court"); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (the asserted federal defense "need only be plausible; its ultimate validity is not to be determined at the time of removal").

14. It bears stressing relative to the other jurisdictional elements of 28 U.S.C. §1442(a)(1) that, while removals under 28 U.S.C. §1441 are subject to rigorous jurisdictional review with any doubts regarding jurisdiction to be resolved in favor of a remand, an entirely different paradigm applies to "federal officer" removals under 28 U.S.C. §1442(a)(1) whose jurisdictional scope "is much broader." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006). Rather, the jurisdictional parameters of 28 U.S.C. §1442(a)(1) must be afforded a "generous" and "liberal" construction under which this statute's terms are interpreted "broadly in favor of removal." *Durham*, 445 F.3d at 1252-53. See also, *e.g.*, *Ruppel*, 701 F.3d at 1180; *Winters*, 149 F.3d at 398. The Supreme Court has, in fact, repeatedly declared that 28 U.S.C. §1442(a)(1) must be broadly construed, and has rejected the notion that removal under this statute is "'narrow'" or "'limited'" *Willingham*, 395 U.S. at 406.

15. The Removing Defendants are not required to notify, and/or to obtain the consent of, any other Defendant in this action to remove Plaintiffs' action as a whole under section 1442(a)(1). See, *e.g.*, *Durham*, 445 F.3d at 1253; *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

16. This Court embraces the locality in which Plaintiffs' state court action was initially filed and, thus, is a proper forum for this action pursuant to 28 U.S.C. §1441(a). No previous application has been made for the relief requested herein.

17. The Appendix hereto identifies the pleadings that have been filed in the Court of Common Pleas, Cuyahoga County, Ohio to date (with the exception of the Complaint and Amended Complaint, copies of which are attached as Exhibits A and B), and that are being contemporaneously filed herewith.

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel and a copy is being filed with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio.

19. A filing fee of $400.00 has been tendered to the Clerk of the United States District Court for the Northern District of Ohio.

20. This Notice of Removal is being signed pursuant to Federal Rule of Civil Procedure 11. A copy of the civil cover sheet is attached hereto.

WHEREFORE, the Removing Defendants respectfully request that this action be removed to the United States District Court for the Northern District of Ohio.

Respectfully submitted:


/s/ Perry W. Doran, II
Susan B. Harty (0055970)
Perry W. Doran, II (0071757)
Stephen C. Musilli (0071754)
VORYS, SATER, SEYMOUR and PEASE LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH  43216-1008
Telephone: (614) 464-6400
Facsimile: (614) 464-6350
E-Mail:   sbharty@vorys.com
               pdoran@vorys.com
               scmusilli@vorys.com

*Counsel for General Electric Company and CBS Corporation*

**APPENDIX**

| | |
|---|---|
| Exh. D – | Notice of Appearance on behalf of Defendant Zurn Industries, LLC |
| Exh. E – | Notice of Appearance on behalf of Defendant Ajax Magnethermic Corporation |
| Exh. F – | Notice of Appearance on behalf of Defendant Eaton Corporation |
| Exh. G – | Notice of Appearance on behalf of Defendant General Electric Company |
| Exh. H – | Answer of Defendant F.B. Wright Company of Ohio with Cross-Claims |
| Exh. I – | Notice of Appearance on behalf of Defendant Tasco Insulations, Inc. |
| Exh. J – | Notice of Appearance on behalf of Defendant Ferro Engineering Division of ON Marine Services Company |
| Exh. K – | Notice of Appearance on behalf of Defendant Allied Glove Corporation |
| Exh. L – | Notice of Appearance on behalf of Defendant Clark Industrial Insulation Co. |
| Exh. M – | Notice of Appearance and Short Form Answer of Defendant Foster Wheeler Energy Corporation |
| Exh. N – | Notice of Appearance on behalf of Defendant Fairmont Supply Company |
| Exh. O – | Notice of Appearance on behalf of Defendant Riley Stoker Corporation |
| Exh. P – | Notice of Appearance on behalf of Defendant Honeywell International Inc. f/k/a Allied Corporation, Successor to Allied Signal Inc. and Bendix Corporation |
| Exh. Q – | Notice of Appearance on behalf of Defendant ExxonMobil Corporation |
| Exh. R – | Notice of Appearance on behalf of Defendant JNO J. Disch Co. |
| Exh. S – | Notice of Appearance on behalf of Defendant RCH Newco II, LLC |
| Exh. T – | Notice of Appearance on behalf of Defendant RSCC Wire & Cable LLC |
| Exh. U – | Notice of Appearance on behalf of Defendant The Ajax Manufacturing Company |
| Exh. V – | Notice of Appearance on behalf of Defendant Greene Tweed & Company |
| Exh. W – | Notice of Appearance on behalf of Defendant Osram Sylvania, Inc. |

Exh. X –        Notice of Appearance on behalf of Defendant Illinois Tool Works, Inc.

Exh. Y –        Notice of Appearance on behalf of Defendant The Marmon Group LLC

Exh. Z –        Notice of Appearance on behalf of Defendant The Mau-Sherwood Supply Company

Exh. AA –       Notice of Appearance on behalf of Defendant Insul Company, Inc.

Exh. BB –       Notice of Appearance on behalf of Defendant Nitro Industrial Coverings, Inc.

Exh. CC –       Notice of Appearance on behalf of Defendant Pneumo Abex, LLC

Exh. DD –       Notice of Appearance on behalf of Defendant UB West Virginia, Inc.

Exh. EE –       Notice of Appearance on behalf of Defendant Beazer East, Inc.

Exh. FF –       Notice of Appearance on behalf of Defendant Thiem Corporation

Exh. GG –       Notice of Appearance on behalf of Defendant Universal Refractories

Exh. HH –       Notice of Appearance on behalf of Defendant I.U. North America, Inc.

Exh. II –       Notice of Appearance on behalf of Defendant GREFCO, Inc.

Exh. JJ –       Notice of Appearance on behalf of Defendant Lockheed Martin Corporation

Exh. KK –       Notice of Appearance on behalf of Defendant M.V.S. Company

Exh. LL –       Notice of Appearance on behalf of Defendant Sentinel Safety Supply Company

Exh. MM –       Notice of Appearance on behalf of Defendant A.O. Smith Corporation

Exh.t NN –      Notice of Appearance on behalf of Defendant Hersh Packing & Rubber Company

Exh. OO –       Notice of Appearance on behalf of Defendant Record Industrial Company

Exh. PP –       Notice of Appearance on behalf of Defendant Nock Refractories Company, LLC

Exh. QQ –       Notice of Appearance on behalf of Defendants Goodyear Tire & Rubber Company, CertainTeed Corporation, Foseco, Inc., Dana Companies, Union Carbide Corporation, and Amchem Products, Inc.

Exh. RR –       Notice of Appearance on behalf of Defendant CBS Corporation

Exh. SS –    Notice of Appearance on behalf of Defendant BorgWarner Morse TEC LLC

Exh. TT –    Notice of Appearance on behalf of Defendant The Edward R. Hart Company

Exh. UU –    Notice of Appearance on behalf of Defendant Ohio Valley Insulating Company, Inc.

Exh. VV –    Notice of Appearance on behalf of Defendant Macomb Group, Inc.

Exh. WW –    Notice of Appearance on behalf of Defendant Ajax Manufacturing Company

Exh. XX –    Notice of Appearance and Short For Answer of Defendant TRECO Construction Services, Inc.

Exh. YY –    Notice of Appearance on behalf of Defendant A.W. Chesterton Company

Exh. ZZ –    Notice of Appearance on behalf of Defendant ArvinMeritor, Inc.

Exh. AAA –   Notice of Appearance on behalf of Defendant American Optical Corporation

Exh. BBB –   Notice of Appearance on behalf of Defendant Uniroyal Holding, Inc.

Exh. CCC –   Notice of Appearance on behalf of Defendant Rockwell Automation, Inc.

Exh. DDD –   Notice of Appearance on behalf of Defendant Flexo Products, Inc.

Exh. EEE –   Plaintiff's Notice of Voluntary Dismissal of Defendant Nock Refractories Co., LLC

Exh. FFF –   Notice of Appearance on behalf of Defendant Atlas Industries, Inc.

Exh. GGG –   Notice of Appearance on behalf of Defendant Red Seal Electric Company

Exh. HHH –   Notice of Appearance and Substitution of Counsel on behalf of Defendant General Electric Company

Exh. III –   Notice of Appearance on behalf of Defendant ArvinMeritor, Inc., incorrectly identified as successor-in-interest to Rockwell International

Exh. JJJ –   Notice of Appearance on behalf of Defendant North American Manufacturing Company

Exh. KKK –   Notice of Appearance on behalf of Defendant Cooper Industries, LLC

Exh. LLL –   Notice of Appearance on behalf of Defendant CBS Corporation

Exh. MMM – Notice of Appearance on behalf of Defendant Wheeler Protective Apparel, Inc.

Exh. NNN – Notice of Appearance on behalf of Defendant Guard-Line, Inc.

Exh. OOO – Notice of Appearance on behalf of Defendant Adience, Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Removal has been served this 12th day of July, 2016 upon all counsel of record.

/s/ Perry W. Doran, II
Perry W. Doran, II