IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLENE FRENCH, EXECUTRIX OF THE ESTATE OF DONALD R. FRENCH, | ) ) ) CASE NO. 1:16 CV 1777 ) |
| Plaintiff, | ) ) |
| v. | ) JUDGE DONALD C. NUGENT ) |
| A.W. CHESTERTON COMPANY, *et al.*, | ) ) |
| Defendants. | ) MEMORANDUM OPINION ) AND ORDER ) |

This matter is before the Court on Defendant Green Tweed & Company Inc.'s Motions to Strike and Exlude Discovery Deposition Testimony of Plaintiff Donald French (ECF #350), and for Summary Judgment (ECF #380). Plaintiffs have responded to each motion, and Defendant Green Tweed & Company, Inc. ("Green Tweed) has filed replies in support of its motions. (ECF # 363, 394, 403, 408, 410). The issues are now fully briefed and the motions are ready for disposition.

## Facts[1]

Decedent, Donald French, brought this case alleging that he suffered from malignant mesothelioma, stemming from exposure to asbestos-containing products between 1976 and 1986, while working at U.S. Steel in Dearborn, Michigan. Green Tweed acknowledges that, during at least a portion of that time period, it manufactured and sold fluid-sealing products, including gaskets and packings that contained asbestos, and that these products were sold under the trade name Palmetto.

As part of the discovery process, Mr. French was deposed on for approximately 18 hours, over three days. On his last day of deposition, July 26, 2016, he identified one of Green Tweed's products as being a potential cause of his exposure. He testified that rope on the leveler doors of the coke ovens at U.S. Steel was manufactured by Palmetto. There has been no other evidence cited tying any of Green Tweed's products to Mr. French or to his workplace. The deposition could not be completed on that date in July, and was scheduled to resume on October 14, 2016. Unfortunately, because of Mr. French's illness, he was not able to attend to next scheduled deposition day. He died on October 24, 2016, before the deposition could be resumed.

The parties agree that Green Tweed did not cross-examine Mr. French on July 26, 2016, and was, therefore, unable to question him about his identification of the Palmetto product. Plaintiffs argue that Green Tweed was present at the deposition and had an opportunity to cross-examine Mr. French, but did not take that opportunity. Green Tweed argues that, because of the

---

[1] The factual summary is based upon the parties' statements of facts. Those material facts which are controverted and supported by deposition testimony, affidavit, or other evidence are noted to be in dispute and will be accepted in the light most favorable to the Plaintiff, the non-moving party, for purposes of these motions.

agreed order of deposition, and the multitude of participating parties, it did not have the opportunity to cross-examine Mr. French on that day, but had expected to be able to do so at the next scheduled deposition date.

## LEGAL ANALYSIS

### I. Motion to Strike

Federal Rule of Civil Procedure 32(a) addresses when a deposition may be used as evidence at a hearing or trial.

> (1) **In General.** At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> (A) The party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B) It is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
>
> (C) The use is allowed by Ruled 32(a)(2) through (8).

There is no dispute that Green Tweed was present or represented at the taking of Mr. French's deposition, or that 32(a)(2) through (8) allows the use of depositions when the witness is unavailable by reason of his death. Fed. R. Civ. P. 32(a)(4)(A). The parties disagree on whether Mr. French's testimony identifying Green Tweed's Palmetto product(s) is admissible under the Rules of Evidence, thereby satisfying Fed. R. Civ. P. 32(a)(1)(B).

The parties agree that generally the deposition transcripts at issue would constitute inadmissible hearsay under Fed. R. Evid. 802. Plaintiffs argue, however, that they are subject to a the hearsay exception contained in Fed. R. Evid. 804(a)(4), which allows use of former deposition

testimony when the declarant is unavailable due to illness or death. This exception can only be utilized when the hearsay testimony is offered against a party "who had – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B).

Plaintiffs argue that Green Tweed was present during three days of deposition, which allowed them ample opportunity to cross-examine Mr. French, although they do not dispute Green Tweed's representation the its product was not identified until near the end of the third, and final day of deposition. Plaintiffs also do not contest the fact that the deposition was not completed on that day, nor that all parties expected the deposition to be continued on a later date. None of the cases cited by Plaintiffs is analogous to the case at hand. Those cases involve depositions that were substantially complete; where the parties had agreed that the depositions should be treated as complete; where cross-examination had begun and been substantially accomplished on the subject at issue in the testimony sought to be admitted; or where cross-examination by Plaintiff could not have been expected to have yield any new evidence. None of these factors are at play in the case here. Defendants cite two newer cases, which have held that testimony cannot be admitted when there was no reasonable opportunity for the Defendant to cross-examine the witness on the subject topic. *See, Young v. United States Postal Service*, 1988 U.S. Dist. LEXIS 12983, *10 (S.D. N.Y. Nov. 21, 1988); *Ritter v. Garlock Inc.*, 2010 Phila. Ct. Com. Pl. LEXIS 93 (Apr. 15, 2010). Although these cases are not binding, they follow a more established line of cases which enforce the basic protections of the Confrontation Clause of the Sixth Amendment to the United States Constitution. *See, e.g., Pointer v. Texas*, 380 U.S. 400, 403, 85 S. Ct. 1065 (1965); *California v. Green*, 399 U.S. 149, 158, 90 S. Ct. 1930 (1970); *Vanlandingham v. Mckee*, 2008 U.S. Dist.

LEXIS 67966, *14-15 (E.D. Mich. Sept. 4, 2008).

While the Court is fully cognizant of the frustration Plaintiffs may feel, believing that Defendants were responsible for Mr. French's death and yet benefitting, in a sense, from the timing of his passing, the Court is sworn to uphold the constitutional and procedural protections put in place to protect Defendants from potentially unwarranted liability. It seems clear from the uncontested facts and circumstances of this case that Green Tweed was not provided a reasonable opportunity to cross-examine Mr. French about his identification of the Palmetto products. The Sixth Amendment right provided to an accused to confront the witnesses against him is a fundamental right ensconced in our Constitution. It serves the noble and necessary purpose of promoting reliability of the evidence against an accused, and has been described as "the greatest legal engine ever invented for the discovery of truth." *California v. Green*, 399 U.S. 149, 158, 90 S. Ct. 1930 (1970). Defendant Green Tweed did not have the opportunity to test the accuracy or reliability of the testimony Plaintiffs seek to offer against it, and that testimony does not, therefore, meet the requirements for an exception to the ban against admitting hearsay evidence.

For these reasons, Defendant, Green Tweed's Motion to Strike the Deposition Testimony of Donald French (ECF #350) is GRANTED.

## II. **Motion for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing prior FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).

Plaintiffs have provided no admissible evidence that would link Defendant Green Tweed or its products to Mr. French, or to his contraction of mesothelioma. The only evidence that Plaintiffs cite connecting Green Tweed products to Mr. French is his deposition testimony identifying Palmetto gasket roping as a product he used in the U.S. Steel plant. As discussed above, this testimony constitutes inadmissible hearsay because it was not subject to cross-examination by Green Tweed. Absent any admissible testimony or other evidence that Mr. French was exposed to asbestos from a Green Tweed product, Plaintiffs cannot establish an essential element of their case against it. Therefore, Summary Judgment should be granted in favor of Defendant Green Tweed.

## Conclusion

For the reasons set forth above, Defendant Green Tweed & Company Inc.'s Motions to Strike and Exlude Discovery Deposition Testimony of Plaintiff Donald French (ECF #350), and for Summary Judgment (ECF #380) are both GRANTED. All claims against Defendant Green Tweed only are, hereby, dismissed. IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

DATED: October 18, 2017